UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALAN CYPERT, § § *Plaintiff*, § § v. § § COMMISSIONER OF INTERNAL § REVENUE, § § *Defendant*. § § | Civil Action No. 3:23-CV-2744-X |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United States of America's (improperly named as Commissioner of Internal Revenue) motion to dismiss. (Doc. 7). Having considered the underlying facts, the parties' arguments, and the applicable caselaw, the Court **GRANTS** the motion and **DISMISSES** this action.

## I. Background

This case involves the IRS's efforts to collect taxes from Plaintiff Alan Cypert. In his complaint, Cypert alleges that the IRS sent him notices seeking to collect for his 2013 and 2014 tax years.[1] He explains that his 2014 tax liability assessment resulted from proceedings in tax court in which he was represented by counsel, but the IRS should instead accept his amended tax return and consider the tax court's

---

[1] Doc. 1 at 1.

1

assessment moot.[2]  Cypert asks this Court to enjoin the IRS's collection efforts for taxes owed from 2013 to the present for at least ninety days.[3]

The United States filed the present motion to dismiss.  In its motion, the United States contends that this Court lacks subject-matter jurisdiction because of its sovereign immunity and the Anti-Injunction Act.[4]  Alternatively, the United States argues that Cypert fails to state a claim because he has not alleged any facts indicating misconduct by the United States or facts that support a refund suit.[5]  The motion is ripe for this Court's consideration.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows parties to challenge the subject-matter jurisdiction of a court to hear a case.[6]  "A case is properly dismissed" under Rule 12(b)(1) when the court lacks statutory or constitutional authority to adjudicate it.[7]  A plaintiff constantly bears the burden of proof that subject-matter jurisdiction exists.[8]

If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts must always consider the 12(b)(1) jurisdictional question first.[9]  Even when

---

[2] *Id.* at 2.

[3] *Id.* at 3.

[4] Doc. 7 at 3–6.

[5] *Id.* at 6–7.

[6] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[7] *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[8] *Ramming*, 281 F.3d at 161.

[9] *Id.*

2

both a 12(b)(1) and 12(b)(6) attack have merit, courts should only dismiss the claims on the 12(b)(1) jurisdictional ground.[10]

### III. Analysis

The Court lacks subject-matter jurisdiction over this action. Under the Anti-Injunction Act, 26 U.S.C. § 7421(a), courts lack jurisdiction to hear suits seeking to prevent the assessment or collection of taxes. This jurisdictional bar is overcome only when the plaintiff establishes that he meets a statutory exception or the judicially-created exception that requires the taxpayer to show that the government cannot prevail under any circumstances and he will be irreparably harmed by the collection.[11]

Here, Cypert seeks to prevent the IRS from collecting taxes against him, but he did not establish that he meets an exception to the Anti-Injunction Act. Cypert maybe attempted to establish irreparable injury by alleging that he suffers from major depressive disorder and generalized anxiety disorder.[12] But he does not allege any facts that would indicate the government cannot prevail on its claim for the taxes.[13] Since he has not shown that the IRS cannot possibly recover, Cypert cannot claim the judicially-created exception to the government's immunity applies.

Likewise, even if the Court were to view Cypert's complaint as a tax refund suit—for which there is a statutory exception to the government's sovereign

---

[10] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

[11] *Zernial v. United States*, 714 F.2d 431, 434 (5th Cir.1983) (citing *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)).

[12] Doc. 1 at 2–3.

[13] *See id.*

immunity—Cypert fails to meet the requirements. In a tax refund suit, there are three prerequisites to filing suit. First, the plaintiff must pay the tax assessment.[14] Second, the taxpayer must file an administrative refund claim with the IRS.[15] Failure to file this administrative claim with the IRS deprives the court of subject-matter jurisdiction.[16] Finally, the IRS must have rejected or failed to act upon the claim for at least six months.[17]

Here, Cypert's complaint does not allege facts satisfying any of these prerequisites. Cypert admits that he has not paid the tax assessment for 2013 and 2014; instead, he seeks an injunction preventing the IRS from collecting these tax assessments.[18] He also asks the Court to consider his amended tax return—which the IRS has not accepted—as sufficient to consider this a refund suit.[19] The Court cannot do so. Because Cypert has not satisfied the administrative prerequisites to filing suit, this is not a tax refund suit.[20] There is no exception to the Anti-Injunction Act applicable here, and therefore, the Court lacks subject-matter jurisdiction to hear this case.

---

[14] *Flora v. United States*, 362 U.S. 145, 177 (1960).

[15] 26 U.S.C. § 7422(a).

[16] *Zernial*, 714 F.2d at 434.

[17] 26 U.S.C. § 6532(a)(1).

[18] Doc. 1 at 3; Doc. 8 at 3 ("Cypert is reviewing the option of paying the assessment amount . . . and then amending his claim in this court as to a suit for refund.").

[19] Doc. 8 at 3.

[20] *See Zernial*, 714 F.2d at 434.

## IV. Conclusion

As discussed above, the Court lacks subject-matter jurisdiction over this case. Accordingly, the Court **GRANTS** the United States' motion to dismiss under Rule 12(b)(1) and **DISMISSES** this case for lack of subject-matter jurisdiction.

**IT IS SO ORDERED** this 30th day of April, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE